UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17- 04331 SJO (PLAx)    DATE: June 29, 2017

TITLE:    Morgan Picks1, LLC v. Joo Young Kim, et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                  Not Present
Courtroom Clerk                                   Court Reporter

COUNSEL PRESENT FOR PLAINTIFF:        COUNSEL PRESENT FOR DEFENDANTS:

Not Present                                       Not Present

========================================================================
PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO REMAND [Docket No. 7]

This matter is before the Court on Plaintiff Morgan Picks1, LLC's ("Plaintiff") Ex Parte Motion to Remand ("Motion"), filed June 27, 2017. As of the date of this Order, Defendants did not oppose the Motion. For the following reasons, the Court **REMANDS** the action.

Plaintiff's Complaint alleges a single cause of action: unlawful detainer after foreclosure pursuant to California Code of Civil Procedure section 1161A. (Notice of Removal ("Removal"), ECF No. 1, Ex. A Compl.) The Complaint alleges that after a foreclosure sale on or about November 1, 2016, Plaintiff took title of the subject property and served a notice to quit and notice of tenants rights on Defendants, who continue to reside in the subject property. (Compl. ¶¶ 5-7.) Plaintiff alleges that the reasonable value of the use and occupancy of the premises is $50.00 per day, (Compl. ¶ 8), which has totaled damages of $10,750 plus attorneys' fees since November 25, 2016. (Mot. 3.)

On June 12, 2017, Defendants removed this action from the Superior Court of Los Angeles County, Long Beach on the basis of federal question jurisdiction, arguing that Plaintiff is a "debt collector" as defined by the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692a; and that Plaintiff violated Defendant's rights under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* (Removal ¶¶ 5-6.) Defendants' removal is entirely improper.

Plaintiff timely filed the Ex Parte Motion to Remand, arguing that Plaintiff suffers irreparable harm each day it is denied access to the subject property.[1] (Mot. 3-4.) "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). An action is

---

[1] Plaintiff also argues that this action has been previously removed four times, each by a different Defendant–January 6, 2017; March 6, 2017; April 20, 2017; and May 9, 2017–and the action was remanded to state court each time. (Mot. 3.)

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 17- 04331 SJO (PLAx)   **DATE:** June 29, 2017

removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (internal citations omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007) (internal quotation marks and citations omitted). Thus, "the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotation marks and citation omitted). Defendant's removal is meritless. There is simply no federal question on the face of the Complaint, and Defendants' reliance on the FDCPA and TILA does not invoke federal question jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 14 (1983) (holding that it is "settled law that a case **may not be removed to federal court on the basis of a federal defense**, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis added). Moreover, even if Defendants removed the action on diversity jurisdiction–which it did not–jurisdiction still would not lie because the threshold amount is not satisfied. *See* 28 U.S.C. § 1332(a). Plaintiff's Complaint expressly "waives all damages in excess of $25,000.00" and demands "less than $10,000.00." (Compl. ¶ 8.)

The Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to the Superior Court of Los Angeles County, Long Beach.

This case shall close.